IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STEPHUN D'SHUN SMITH                                                                          PLAINTIFF

VS.                                                                          CIVIL ACTION NO. 3:10cv402-FKB

HINDS COUNTY                                                                                DEFENDANT

MEMORANDUM OPINION AND ORDER

This § 1983 cause is before the court *sua sponte* for consideration of dismissal of the complaint. A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned. Having considered Plaintiff's allegations and his testimony at the omnibus hearing, the undersigned concludes that the complaint should be dismissed with prejudice.

Plaintiff was previously incarcerated as a pretrial detainee at the Hinds County Detention Center (HCDC). At the time of his arrest he was seventeen years of age and was housed with adult offenders.[2] On June 17, 2010, he was assaulted by another inmate, Korey Witherspoon, and he required medical attention as a result of the assault. He alleges that Deputy Carroll, a guard at HCDC, heard Witherspoon state his intention to attack Plaintiff but that Carroll did nothing to prevent the assault.

Although Plaintiff has been given the opportunity to amend to add Deputy Carroll as a defendant, he has declined to do so. At the *Spears* hearing, he specifically stated that he did not intend to sue anyone other than Hinds County. In order to establish

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Counsel for Defendant at the *Spears* hearing stated that the detention center policy allows seventeen-year-olds charged with a felony to be housed with adult detainees.

county liability for a failure to protect, Plaintiff must establish that a county employee - in this case Deputy Carroll - violated his rights with subjective deliberate indifference, and that the violation resulted from a Hinds County policy adopted or maintained with objective deliberate indifference.  *Scott v. Moore*, 144 F.3d 51, 54 (5th Cir. 1997).  Plaintiff has failed to allege the existence of any such policy.  To the extent that he is claiming that the county's policy of housing seventeen-year olds with adult offenders was the cause of his injury, the argument fails.  Such a policy is below the constitutional threshold of deliberate indifference.[3]

For these reasons, Plaintiff's claims are hereby dismissed.  A separate judgment will be entered.

So ordered and adjudged, this the 10th day of March, 2011.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE

---

[3] It should be noted that Plaintiff turned eighteen years of age two weeks after the assault.